[ECF No. 4]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>**603 FELLOWSHIP LLC,**<br><br>**Defendant.** | **Civil No. 25-17104 (RMB/MJS)** |

## OPINION AND ORDER

This matter is before the Court on the Motion by plaintiff Jane Doe ("Plaintiff") to Proceed by Pseudonym. ECF No. 4.[1] Defendant 603 Fellowship LLC ("Defendant") does not oppose the Motion. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I.      Background

Plaintiff brings this action under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 *et seq.*, alleging that she was trafficked at a New Jersey hotel owned by Defendant. ECF No. 4-1 at 4–5. Plaintiff contends that certain hotel staff "witnessed or participated in" the repeated and prolonged abuse she sustained, id. at 5, that Defendant "knew or should have known" about her exploitation, ECF No. 1 at 28, and that Defendant received a financial benefit for its "participation in a venture [it] knew or should

---

[1] All references to ECF page number entries correspond to the stamped ECF number in the header.

1

have known was engaged in sex trafficking," id. at 26. To avoid further emotional distress and the risk of retaliation, Plaintiff seeks to proceed in this litigation by pseudonym. ECF No. 4-1 at 4.

## II.    Legal Standard

"In order to preserve the presumptively public nature of judicial proceedings, Federal Rule of Civil Procedure 10(a) generally 'requires parties to a lawsuit to [expressly] identify themselves in their respective pleadings.'" Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) (quoting Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)) (alterations in original); see FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties[.]"). That said, "courts have recognized that a party may, under limited circumstances, proceed by way of pseudonym, particularly where disclosure of the litigant's identity creates a risk of extreme distress or danger[.]" Oshrin, 299 F.R.D. at 102 (internal quotations and citation omitted) (alteration in original). Still, proceeding by pseudonym is the "'unusual' exception to the presumptive openness of judicial proceedings." Id. (quoting Marcano v. Lombardi, Civ. No. 02–2666, 2005 WL 3500063, at *3 (D.N.J. Dec. 20, 2005)).

Because "[a] plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings," the idea that "a plaintiff may suffer embarrassment or economic harm is not enough" to warrant proceeding by pseudonym.  Megless, 654 F.3d at 408 (internal quotations and citation omitted). Rather, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. (internal quotations and citation omitted).

Once a plaintiff "sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym," the court should then "balance" this fear "against the

public's strong interest in an open litigation process." Id.; see Doe v. Univ. of Pa., Civ. No. 23-1613, 2024 WL 2575702, at *1 (3d Cir. May 24, 2024) (stating that "[f]irst, a litigant must allege a reasonable fear of severe harm that will result from litigating without a pseudonym" and that "[s]econd, if a litigant sufficiently alleges such a harm, then the court employs a balancing test to determine whether the party's reasonable fear of severe harm outweighs the public's interest in open litigation") (internal quotations and citations omitted). In performing this analysis, courts consider several non-exhaustive factors that sway this outcome toward either anonymity or disclosure. Those favoring anonymity include:

1. [T]he extent to which the identity of the litigant has been kept confidential;

2. [T]he bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;

3. [T]he magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

4. [W]hether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;

5. [T]he undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified; and

6. [W]hether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Oshrin, 299 F.R.D at 103 (quoting Megless, 654 F.3d at 409) (quotations omitted) (alterations in original). Those factors favoring openness include:

1. [T]he universal level of public interest in access to the identities of litigants;

3

2. [W]hether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

3. [W]hether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (quoting Megless, 654 F.3d at 409) (quotations omitted) (alterations in original). Finally, "[t]he decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." Id.

### III. Discussion

#### A. Reasonable Fear of Severe Harm

"As a threshold matter, the Court must first determine if Plaintiff has articulated a reasonable fear of severe harm from the public disclosure of [her] name[.]" Doe v. Hillsborough Twp. Bd. of Educ., Civ. No. 23-22597, 2024 WL 4028293, at *5 (D.N.J. Aug. 30, 2024). The Court wastes little time in concluding that Plaintiff has done so. The Complaint makes allegations that are serious, personal, and traumatizing in nature. Plaintiff cites multiple forms of harm that disclosing her identity would cause—including retaliation, re-traumatization, and harassment—which the Court finds reasonable given the severity of the claims in this case. ECF No. 4-1 at 4; see Oshrin, 299 F.R.D. at 105 (finding a "reasonable fear of severe harm" given "the highly sensitive, personal nature of the alleged harm" and "the risk of continued and/or future harm in the event that Plaintiff's identity is publicly disclosed"); Doe I v. Chaparro, Civ. No. 25-13961, 2025 WL 3707509, at *3 (D.N.J. Dec. 22, 2025) (finding a reasonable fear of severe harm where plaintiffs asserted that disclosing their

4

identities in a sexual assault action would cause "anxiety, fear, misplaced guilt and/or suicidal thoughts"). The Court therefore turns to the balancing test.

    B.  Balancing Test

Turning to the first factor favoring anonymity, the Court agrees that Plaintiff "has taken deliberate steps to protect her identity by filing under a pseudonym." ECF No. 4-1 at 7; see Oshrin, 299 F.R.D. at 103 (finding that plaintiff "made significant efforts to maintain the confidentiality of her identity" where her identity was "not disclosed in any of the pleadings, motions and/or exhibits in the action"). Because Plaintiff's identity is not disclosed in the complaint and all counsel have taken steps to not disclose Plaintiff's identity anywhere on the docket in this action, the Court finds that "the identity of the litigant has been kept confidential." Megless, 654 F.3d at 409.

The second factor, which "considers the substantiality of the litigant's fear of public disclosure[,]" further supports anonymity. Oshrin, 299 F.R.D. at 103; see R.K. v. Choice Hotels Int'l, Civ. No. 25-1661, 2025 WL 2935249, at *1 n.1 (E.D. Pa. Oct. 14, 2025) (granting a TVPRA plaintiff's motion to proceed by pseudonym and noting that "courts frequently allow TVPRA plaintiffs to proceed under pseudonyms"). Plaintiff avers that disclosing her identity would "expose her to a credible risk of retaliation by individuals identified in the Complaint," ECF No. 4-1 at 4, as well as "cause significant psychological harm, jeopardize her safety, and risk irreparable damage to her personal and professional life," id. at 7. Moreover, proceeding publicly, she asserts, "could adversely affect her employment, relationships, and future opportunities[.]" Id. These concerns go to the core of her wellbeing—they bear on her mental health, physical safety, and employment stability. As such, the Court declines to "force[] her to live under the permanent shadow of public identification as a trafficking victim." Id.; see

5

Doe P.B. v. Wyndham Hotels & Resorts, Inc., 750 F. Supp. 3d 484, 490 (D.N.J. 2024) ("[T]he potential risk of retaliation still weighs in favor of permitting Plaintiff to proceed pseudonymously as it may help her avoid potential detection by her alleged traffickers' associates.") (internal quotations and citation omitted) (alteration in original).

The third factor, the extent of the public interest favoring the confidentiality of Plaintiff's identity, see Megless, 654 F.3d at 409, is similarly compelling "in light of the highly sensitive and personal nature of Plaintiff's allegations." Oshrin, 299 F.R.D. at 104. "[T]he public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights[.]" Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001). The Court therefore concludes that requiring Plaintiff to disclose her identity would silence victims, stifle litigation, and disservice the public at large.

The fourth factor requires analyzing the public interest in disclosing Plaintiff's identity. The Court finds none here. In assessing this factor, the Court considers how factually intensive Plaintiff's claims are and whether disclosing her identity is therefore necessary to adequately investigate them. See Megless, 654 F.3d at 409. Here, the bulk of the factual inquiry involves Defendant, not Plaintiff. For example, a core issue involves whether Defendant "knowingly benefitted, by receiving financial and other compensation, for [its] participation in a venture [it] knew or should have known was engaged in sex trafficking, in violation of the TVPRA[.]" ECF No. 1 at 26. As such, Plaintiff's anonymity will not hinder the progression of this case—especially because Plaintiff has agreed to provide her identity to Defendant, eliminating any prejudice her anonymity may have otherwise caused. ECF No. 4-1 at 4. Finally, "even if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby

6

preserving any general public interest in the subject matter of this litigation." Oshrin, 299 F.R.D. at 104.

The fifth and sixth factors also favor Plaintiff's anonymity. Factor five requires analyzing whether denial of Plaintiff's motion would lead to her "refusal to pursue the case." Megless, 654 F.3d at 409. Here, Plaintiff proffers that disclosure "would not only cause profound embarrassment and emotional distress, but also expose her to a credible risk of retaliation[.]" ECF No. 4-1 at 4. Requiring her to proceed by name could lead her to withdraw her case entirely, and allowing her to proceed anonymously is therefore proper. See Oshrin, 299 F.R.D. at 104 (finding that factor five weighed in favor of anonymity even though "Plaintiff ha[d] not expressed an intention to discontinue th[e] action if required to disclose her identity" because "denying Plaintiff's motion may inhibit Plaintiff's willingness to pursue her claims"). Finally, considering factor six, in seeking to litigate anonymously, Plaintiff has no "ulterior motives." Megless, 654 F.3d at 409. Rather, because her case "involves deeply personal and traumatic allegations," ECF No. 4-1 at 4, the Court declines to find "that the motion is motivated by an improper purpose." Oshrin, 299 F.R.D. at 104.

Nor do the factors weighing against anonymity change this analysis. At the outset, Defendant does not oppose Plaintiff's motion, so the factor concerning any objections to Plaintiff's anonymity "merit[s] little discussion." Oshrin, 299 F.R.D. at 105. Plaintiff is also not a public figure—so there is no "particularly strong interest in knowing the litigant's identit[y]." Megless, 654 F.3d at 409; see Oshrin, 299 F.R.D. at 104 (granting plaintiff's motion to proceed by pseudonym where plaintiff was "a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest"). Finally, the "universal level of public interest in access to the identities

7

of litigants," <u>Megless</u>, 654 F.3d at 409, is substantially overshadowed by the concrete harm Plaintiff will face in being forced to decide between disclosing her identity and foregoing the opportunity to vindicate her rights.

**IT IS**, therefore, on this **30th day of June 2026**,

**ORDERED** that Plaintiff's motion to proceed by pseudonym is **GRANTED**; and it is further

**ORDERED** that Plaintiff will be referred to as "Jane Doe" in all depositions, pleadings, and other documents concerning this litigation, and that Plaintiff shall be permitted to endorse documents concerning this litigation under the pseudonym "Jane Doe[;]" and it is further

**ORDERED** that all counsel, witnesses, and court personnel shall refer to Plaintiff by her pseudonym "Jane Doe" in all proceedings conducted before the Court.

<u>s/Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

8